**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IDA LEE HARLAND, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 3:07-CV-118 (CDL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I. Whether the ALJ erred in finding that Claimant was not disabled?**

**II. Whether the Appeals Council committed reversible error by denying Claimant her due process rights?**

**III. Whether the Appeals Council erred in failing to review additional evidence submitted by Claimant?**

## Administrative Proceedings

Claimant filed her most recent claim for disability benefits on January 22, 2002.[2] (T-78). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on September 25, 2003. (T-260-276). Subsequent to the hearing, the ALJ received additional medical evidence from Claimant, but ultimately found that the Claimant was not disabled in a decision dated March 22, 2005. (T-20-26). Claimant then requested a review of the ALJ's findings by the Appeals Council and submitted new evidence for review. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to problems with veins in both of her legs, with the right leg being worse. (T-78). After examining the medical records, the ALJ determined that Claimant had hypertension, hyperlipidemia, degenerative disc disease of the lumbar spine and questionable peripheral neuropathy, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-23). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform light exertional work. (T-24). The ALJ then utilized the testimony of a vocational expert to determine whether there were jobs existing in

[2]The ALJ specifically declined to reopen Claimant's previous claims. (R-20).

significant numbers in the national economy that she could perform. Following his determination that such jobs did exist, the ALJ then found that Claimant was not disabled. (T-25).

**DISCUSSION**

**I. Whether the ALJ erred in finding that Claimant was not disabled?**

Claimant contends that the ALJ committed reversible error in finding that she was not disabled. (R-10, p. 12). Specifically, Claimant contends that the ALJ failed to consider the effects of her obesity, that the ALJ improperly discredited her complaints of pain, and that the ALJ's finding was contrary to the testimony of the treating physicians and Vocational Expert (VE). *Id.*

**A. Obesity**

Claimant first alleges that the ALJ improperly failed to consider the disabling effects of her obesity. (R-10, p. 12). Despite the elimination of Listing 9.09, the Regulations state that obesity is still a factor for disability determination according to SSR 02-1p. That regulation added language to the prefaces of musculoskeletal, respiratory and cardiovascular body system listings, "to provide guidance about the potential effects obesity has in causing or contributing to impairments of those body systems." *See* 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing Sections 1.00, 3.00, and 4.00. The regulation also instructs that obesity can be considered at other steps of the sequential evaluation process including the assessment of a residual functional capacity. The Claimant argues that the ALJ failed to give any consideration to SSR 02-1p in determining that her obesity, along with her other

impairments, did not render her disabled.

In this case, the ALJ noted Claimant's obesity in his findings along with her other impairments, but ultimately found that the totality of her impairments did not meet or equal a Listing found in the Regulations. (R-22-26). Despite Claimant's argument otherwise, the record reflects that the ALJ did consider her obesity in combination with her other impairments. *Id*.

Furthermore, Claimant failed to meet her burden of showing how her obesity affected her other conditions, so as to meet or equal a listing. Regulation 02-01p states that "We will not make assumptions about the severity of functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." The burden is on Claimant to present evidence of any claimed impairment and/or any combination of impairments. Therefore, this court finds that Claimant did not present any evidence that her obesity increased the severity of other impairments so that they met or equaled a listing, therefore, there was no error as to this claim.

**B. Allegations of Pain**

Claimant next contends that the ALJ erred in discrediting her complaints of pain and its effect on her impairments. (R-10, p. 13). The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively

determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).

In his Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. (T-24). The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. §§ 404.1529 and 404.1527, and Social Security Rulings 96-7p, 96-2p and 96-6p. *Id.* The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that Claimant's allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.* at 25.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report.

*See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that she failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

**C. Residual Functional Capacity**

Claimant further alleges that the ALJ "improperly substituted his opinion for that of expert witnesses, the treating physician and vocational expert" where he determined that she had the RFC to perform light work and would be able to return to her past relevant work as a sewing machine operator. (R-10, p. 14). Claimant contends that the only hypothetical question posed to the Vocational Expert, one which was based on her testimony regarding her foot and back pain, resulted in a finding by the VE that she would be unable to perform any jobs available in the national economy. *Id.* at 15. Claimant contends that the finding of the VE was based on substantial evidence, and, therefore, that the ALJ's subsequent finding that she was capable of performing her past relevant work was error.

In the Code of Federal Regulations, residual functional capacity is defined as follows:

> Your impairment(s) and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record.

20 C.F.R. §416.945(a)(1). At the administrative law judge hearing level, it is the responsibility of the ALJ to assess a claimant's residual functional capacity. 20 C.F.R. §416.946(c). A vocational expert "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. 416.960(b)(2). Thus, it is the duty of the ALJ, not the vocational expert, to determine Claimant's limitations and what work those limitations would allow her to perform.

The Eleventh Circuit Court of Appeals has held that "[t]he testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits her to do other work after the claimant has met her initial burden of showing that she cannot do past work." *Schnoor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). In this case, after establishing that Claimant could return to her past relevant work, the ALJ was not required to go any further in the sequential evaluation of determining disability. 20 C.F.R. §416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work . . . we will not consider your vocational factors of age, education, and work

experience or whether your past relevant work exists in significant numbers in the national economy). Ergo, even if this court had found that the ALJ improperly disregarded vocational expert testimony, it would not necessitate remand in this instance since the testimony of the VE was not necessary.

The burden was on Claimant to show that she was not capable of performing her past relevant work. Claimant failed to present sufficient evidence and thus, did not meet her burden. Therefore, no error is found as to Claimant's contention and the ALJ's finding as to Claimant's past relevant work is supported by substantial evidence.

**II. Whether the Appeals Council committed reversible error by denying Claimant her due process rights?**

Claimant also contends that remand is necessary where she was denied her due process rights by the Appeals Council. (R-10, p. 8). Specifically, Claimant contends that following the administrative hearing, she retained new counsel who submitted her request to present additional evidence to the Appeals Council and a request for review of the ALJ's decision. *Id.* at 9. The decision of the Appeals Council, however, was delivered to Claimant's previous counsel and she contends that she "was deprived of the opportunity for her new attorney to represent her as she had requested" and "was denied the benefit of the additional evidence which her new attorney submitted on her behalf." *Id.*

The Eleventh Circuit Court of Appeals has held that a showing of prejudice must be made before it will be determined that the Claimant's rights of due process were violated to such a degree that the case should be remanded to the commissioner for reconsideration and

further development of the record. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). This requires a showing that the ALJ did not have all of the relevant evidence before him in the record or that the ALJ did not consider all of the evidence in the record in reaching his decision. *Kelley v. Heckle*, 761 F.2d 1538, 1540 (11th Cir. 1985).

In this case, the record reveals that the ALJ found that Claimant was not disabled in a decision dated March 22, 2005. (R-17). Claimant then filed a Request for Review of Hearing Decision on May 3, 2005, and listed her counsel as Benjamin Johnson. (R-256). On May 6, 2005, Claimant again filed a Request for Review of Hearing Decision, along with a completed Appoint of Representative form and a letter by counsel Benjamin Johnson requesting a copy of the hearing transcript and 45 days to file a letter supporting her claim for review. (R-15). On May 26, 2005, the Appeals Council denied Claimant's March 22, 2005, Request for Review, but sent the decision to Claimant's former counsel. (R-7-10). Thereafter, on November 23, 2005, Claimant states that, through her counsel, she requested that the Appeals Council reopen her case. On August 30, 2007, the Social Security Administration informed Claimant by letter that it would not reopen or change the decision in her case. (R-5).

It appears that the Appeals Council never acknowledged that Claimant had retained new counsel, nor did they honor her request for the trial transcript. That having been said, however, because there was previously found to be no error as to the ALJ's reliance, or lack thereof, on the testimony of the VE, remand would be futile. As the Eleventh Circuit has held, a remand to have the ALJ perfect the record would serve no practical purpose where

it would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

**III. Did the Commissioner err in failing to review additional evidence submitted by the Claimant?**

In her brief, Claimant also alleges that the Appeals Council erred in not reviewing additional evidence submitted by her post-hearing. (R-10, p. 11). She contends that the evidence, which consisted of an residual functional capacity form from her treating physician regarding her impairments, was submitted to the ALJ after the hearing, but was not reviewed by the Appeals Council. *Id.*

The Eleventh Circuit has held that to succeed on a claim based on newly submitted evidence, a Claimant must show that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001) citing *Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir. 1986). To be considered "material" for the purposes of remand in this type of case, the new information

provided by a claimant must evidence that a "reasonable probability exists that it would change the administrative result...". 42 U.S.C. § 405(g). The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970.

In this case, as has been noted, at the time Claimant attempted to submit the new medical records, she was unaware that the Appeals Council had already issued a denial of review. The court finds that this evidence is new, in that it did not exist at the time of the ALJ's findings. The court, however, does not find the evidence to be non-cumulative or material in that it does not shed new light on an issue present in the case. *See, Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Although the notes do address the Claimant's condition, the evidence does not shed any new light on her leg impairment. The Arthritis Residual Functional Capacity Questionnaire completed by Dr. Rader merely reiterates his opinion that Claimant is disabled. The form does not provide evidence to establish any further functional limitations than were found by the ALJ, and, therefore, they are not non-cumulative. Therefore, because the evidence would not likely change the result of Commissioner's decision, the court finds that remand for review of this evidence is unwarranted.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the

ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 5th day of November, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw